108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Charlene McGOWAN, Plaintiff-Appellant,
v.
TEXACO, INC., Defendant-Appellee.
 No. 96-7548.
 United States Court of Appeals, Second Circuit.
 March 21, 1997.
 
 Kevin P. BARRY, Poughkeepsie, N.Y., for appellant.
 Andrea S. CHRISTENSEN, Kaye, Scholer, Fierman, Hays & Handler, New York, N.Y., for appellee.
 Present: CARDAMONE and LEVAL, Circuit Judges and WARD, District Judge.[1]
 BRIEANT, Judge.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.
 
 
 3
 Charlene McGowan appeals from the judgment of the district court granting Texaco's motion for summary judgment and dismissing McGowan's employment discrimination complaint brought under Title VII, 42 U.S.C. § 2000e et seq. McGowan alleged that on account of her sex Texaco denied her opportunities for advancement and then retaliated against her for complaining about this unequal treatment, ultimately by firing her. Finding no reason to reverse, we affirm the judgment of the district court.
 
 
 4
 McGowan complained that her supervisor at Texaco excluded her from desirable technical training and job projects and from prime committee assignments, all of which were offered to men in her job unit. All of these decisions were entirely justified, however, by the undisputed fact that the men who received these opportunities were employed as engineers, which McGowan was not, and were senior to McGowan. McGowan's discrimination claim thus falls under the rule of Holt v. KMI-Continental, 95 F.3d 123 (2d Cir.1996). She has failed to "put forth adequate evidence to support a rational finding that the legitimate non-discriminatory reasons proffered by the employer were false, and that more likely than not the employee's sex ... was the real reason" for the challenged employment decisions. Id. at 129.
 
 
 5
 McGowan's retaliation claim also fails. She has not submitted evidence raising a jury question on the issue of causation. The actions McGowan asserts were retaliatory, including her eventual discharge, were clearly and indisputably justified by overwhelming and uncontradicted evidence of McGowan's poor job performance, insubordination, and inability or refusal to get along with her coworkers and superiors. This evidence concerned episodes both before and after McGowan made her initial complaint. On this record any rational factfinder would have to find that what McGowan characterizes as retaliation was at least partly motivated by legitimate dissatisfaction with McGowan's performance and would have occurred absent any retaliatory or discriminatory animus. Such a finding is sufficient to preclude liability for an employer. See Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1040 (2d Cir.1993). Summary judgment was therefore appropriate.
 
 
 6
 Affirmed.
 
 
 
 [1]
 The Honorable Robert J. Ward of the United States District Court for the Southern District of New York, sitting by designation